UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DANNY ALECK BOWIE, JR.,    CIVIL NO. 15-2825 (ADM/JSM)

    Petitioner,

v.    REPORT AND RECOMMENDATION

STEVE HAMMER,
Warden,

    Respondent.

JANIE S. MAYERON, United States Magistrate Judge

Petitioner Danny Aleck Bowie, Jr., a Minnesota state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends that Bowie's petition be denied as untimely and that this action be dismissed.

Bowie pleaded guilty to aggravated robbery and second-degree intentional murder in state court, and on September 5, 2006, he was sentenced to a 456-month term of imprisonment for those offenses. *See Bowie v. State* ("*Bowie II*"), No. A14-0956, 2015 WL 648382, at *1 (Minn. Ct. App. Feb. 17, 2015). Bowie did not directly appeal his conviction or sentence. He has, however, twice filed petitions for post-conviction relief in the state courts. First, in September 2008, Bowie contested the legality of the imposition of consecutive sentences for his robbery and murder convictions, and an upward durational departure imposed at sentencing. *See Bowie v.*

1

*State* ("*Bowie I*"), No. A09-2057, 2010 WL 3306916, at *1-2 (Minn. Ct. App. Aug. 24, 2010). Second, in 2014, Bowie argued that he pleaded guilty to *unintentional* murder, not intentional murder, and that his sentence incorrectly reflected his admission to intentional murder. *Bowie II*, 2015 WL 648382, at *1-2. Both petitions were denied by the trial court, and those denials were each affirmed on appeal. *See Bowie I*, 2010 WL 3306916, at *1-3; *Bowie II*, 2015 WL 648382, at *1-2.

In his habeas petition, Bowie renews the argument raised in his second petition for post-conviction relief — specifically, that he pleaded guilty only to unintentional murder, and that his sentence, which reflects guilt for intentional murder, is therefore invalid. An in-depth analysis of Bowie's claim is not necessary, however, as his petition was clearly filed too late. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable in this case. Bowie does not contend that the State of Minnesota has ever impeded his ability to seek federal habeas relief; Bowie's claim does not rely upon any constitutional right newly recognized by the Supreme Court; and Bowie's claim does not rely upon any newly discovered factual predicate.

Consequently, under § 2244(d)(1)(A) Bowie was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Bowie's sentence was imposed on September 5, 2006. Under Rule 28.05 of the Minnesota Rules of Criminal Procedure, Bowie had 90 days in which to seek appellate review of his conviction and sentence. *See* Minn. R. Crim. P. 28.05, subd. 1. Bowie's judgment became final on December 4, 2006 (90 days after sentencing), when Bowie failed to seek direct appellate review of his sentence within the 90-day deadline. Accordingly, pursuant to § 2244(d)(1)(A), Bowie was required to seek federal habeas relief by no later than December 4, 2007. But Bowie's pending habeas petition was not filed until June, 2015. This was clearly too late. Bowie's habeas petition must therefore be dismissed for untimeliness.[1]

---

[1] Bowie offers several arguments as to why his petitions for post-conviction relief in state court were timely (or should be deemed timely by this Court). *See generally* Docket No. 4. But this is irrelevant; what matters is not whether Bowie abided by all applicable state-law deadlines, but whether his federal habeas petition was filed within the one-year limitations period established by § 2244(d).

This Court recognizes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Bowie has filed two motions for post-conviction relief in state court, but the earliest of those motions was not filed until September, 2008 — that is, about nine months after the limitations period for Bowie to file a federal habeas petition had already expired. Section 2244(d)(2) does not restart the one-year clock; it only pauses the clock. *See Jones v. Minnesota*, No. 14-CV-1650 (SRN/HB), 2015 WL 672077, at *12 (D. Minn. Feb. 17, 2015) (citing *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005)). Because the limitations clock had already expired by the time Bowie filed his first motion for post-conviction relief in state court, § 2244(d)(2) has no practical effect in this case.[2]

Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Bowie's current habeas corpus petition

---

[2] In addition, another three years passed between the date that the Minnesota Supreme Court denied review of Bowie's first petition for post-conviction review (thereby making that petition no longer pending for purposes of § 2244(d)(2)) and the date that Bowie filed his second petition for post-conviction review.

differently than it is being treated here. Bowie has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Bowie should not be granted a COA in this matter.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Danny Aleck Bowie, Jr. [Docket No. 1] be DENIED.

2. This action be DISMISSED.

3. Bowie's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

4. Bowie's motion for appointment of counsel [Docket No. 3] be DENIED AS MOOT.

5. No certificate of appealability be issued.

Dated: July 27, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  Written objections to this Report and Recommendation are due on or before **August 10, 2015**.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.