UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Danny Aleck Bowie, Jr.,

       Petitioner,

v.

Steve Hammer,

       Respondent.

**MEMORANDUM OPINION
AND ORDER**
Civ. No. 15-2825 ADM/JSM

---

Danny Aleck Bowie, Jr., *pro se.*

Jean E. Burdorf, Esq., Hennepin County Attorney's Office, Minneapolis, MN; Matthew Frank, Esq., Minnesota Attorney General's Office, St. Paul, MN, for Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Danny Aleck Bowie, Jr.'s Objection [Docket No. 7] to Magistrate Judge Janie S. Mayeron's July 27, 2015, Report and Recommendation [Docket No. 6] ("R&R"). In the R&R, Judge Mayeron recommends denying Bowie's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Docket No. 1] ("Petition") and dismissing the case summarily. After a thorough de novo review of the record and for the reasons stated below, Bowie's Objection is overruled and Judge Mayeron's R&R is adopted.

## II. BACKGROUND

On August 15, 2006, Bowie pled guilty to aggravated robbery and second-degree intentional murder. Bowie v. Minnesota, No. A14-0956, 2015 WL 648382, at *1 (Minn. Ct. App. Feb. 17, 2015) ("Bowie II"). On September 5, 2006, the state district court sentenced Bowie to a term of imprisonment of 456 months, imposing consecutive sentences for the robbery

and the murder. Id.  The murder sentence included a 41-month upward departure for aggravating circumstances. Id.  Although Bowie did not directly appeal his sentence, he filed two motions for post-conviction relief in state court. Id.  Bowie filed his first petition in July 2009, arguing that the consecutive sentences and the 41-month upward departure unjustly exaggerated the criminality of his conduct.  The district court denied the petition and the Minnesota Court of Appeals affirmed. Id.; see also Bowie v. State, No. A09-2057, 2010 WL 3306916, at *2–3 (Minn. App. Aug. 24, 2010) ("Bowie I"), review denied (Minn. Nov. 16, 2010).  On January 29, 2014, Bowie filed his second petition for post-conviction relief. Bowie II at *1.  Along with again challenging the upward durational departure and consecutive aspects of his sentence, Bowie argued that he pled guilty to unintentional second degree murder, not intentional second degree murder. Id.  This petition was also denied in district court and affirmed by the Minnesota Court of Appeals. Id. at *1–2.

On June 26, 2015, Bowie filed the instant petition for habeas corpus under § 2254.  See Pet.  Bowie again challenges the legality of his sentence, raising similar arguments asserted in his second petition for postconviction relief in state court—namely, that he was improperly subjected to consecutive sentencing and that he pled guilty to unintentional second degree murder. Id. at 2.

Judge Mayeron conducted a preliminary review of Bowie's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review, Judge Mayeron recommended dismissal of Bowie's petition as untimely.  Bowie now objects to the R&R in its entirety.

## III.  DISCUSSION

### A.  Standard of Review

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

### B.  Bowie's Objection

Judge Mayeron concluded that Bowie's petition was untimely under 28 U.S.C. § 2244(d)(1)(A), which limits the window of time during which a petitioner may seek federal habeas relief:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Bowie did not assert a claim premised on the last three provisions of this statute. That is, Bowie did not claim (1) he was obstructed from seeking federal habeas relief, (2) his argument is based on a newly recognized constitutional right, or (3) he is relying on newly discovered factual evidence. Thus, Judge Mayeron found Bowie was required to file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted in the R&R, the judgment against Bowie finalized on December 4, 2006 (90 days after his September 5, 2006 sentencing), as he did not file for direct appellate review of his sentence within the 90-day statutory deadline. See Minn. R. Crim. P. 28.05, subd. 1. Therefore, to satisfy the statutory requirements of § 2244(d)(1)(A), Bowie was required to seek federal habeas relief no later than December 4, 2007. Because Bowie filed his present § 2254 petition on June 26, 2015, Judge Mayeron found that Bowie's petition was "clearly too late." R&R at 3.

Bowie objects, contending that Judge Mayeron erred in dismissing his petition as untimely. Bowie appears to argue that his petition is timely because it was filed within one year of the Minnesota Court of Appeals' decision denying his 2014 action. Bowie takes issue with Judge Mayeron's identification of the 2014 action as a petition for post-conviction relief, asserting instead that it was a motion to correct his sentence pursuant to Minn. R. Crim. P. 27.03, subd. 9. Bowie contends that Judge Mayeron erred in applying the statute of limitations applicable to motions for post-conviction relief under Minn. Stat. § 590.01, subd. 4(a), because his motion was one to correct his sentence pursuant to Rule 27.03, subd. 9. In support, Bowie cites Vazquez v. Minnesota, 822 N.W.2d 313 (Minn. Ct. App. 2012). In that case, the Minnesota Court of Appeals held that the two-year statute of limitations for post-conviction petitions was

inapplicable to a motion to correct a sentence asserted under Minn. R. Crim. P. 27.03, subd. 9. Vazquez, 822 N.W.2d at 319–20.  In other words, Bowie seems to claim that he was entitled to file his 2014 state court action at any time as it was a motion to correct a sentence and, therefore, his federal habeas petition is timely because it was filed within one year of the denial of his 2014 motion in state court.

Bowie's objection is without merit.  Whether the state courts properly considered Bowie's 2014 action as a petition for post-conviction relief is irrelevant.  Bowie confuses the statute of limitations for actions brought in Minnesota state court with the limitation specified in § 2244 for seeking federal habeas review.  Judge Mayeron did not apply the limitation set forth in Minn. Stat. § 590.01, subd. 4(a) for a state post-conviction petition, but rather properly applied the one year limitation set forth in § 2244(d)(1)(A) for federal habeas petitions.  Bowie's judgment became final on December 4, 2006 and § 2244(d)(1)(A) establishes he had one year from that date (until December 4, 2007) wherein he could seek federal habeas review.  Since Bowie failed to do so, his motion is untimely.

As noted by Judge Mayeron, state post-conviction petitions may become relevant in measuring the timeliness of a federal § 2254 petition in so far as "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  However, Bowie did not file a petition for post-conviction relief in state court until July 2009—well after his December 4, 2007 deadline for

filing a federal habeas petition.[1]  The filing of a state court post-conviction petition does not restart the one-year federal statute of limitations, it only serves to pause it.  See Jones v. Minnesota, No. 14-cv-1650, 2015 WL 672077, at *12 (D. Minn. Feb. 17, 2015) (citing Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (stating that § 2244(d)(2) only pauses, not resets, the one-year clock)).  Therefore, because the one year limitations period of § 2244(d)(1)(A) expired before Bowie sought relief in state court, his 2009 and 2014 state court actions are immaterial in measuring the timeliness of his federal habeas petition.  Judge Mayeron properly found that Bowie's petition is untimely.

## IV.  CERTIFICATE OF APPEALABILITY

Bowie objects to Judge Mayeron's denial of a certificate of appealability.  A state prisoner may not appeal the denial of a § 2254 habeas petition unless he is awarded a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A court may grant a certificate of appealability only where the defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this motion

---

[1] The R&R identifies September 2008 as the date of Bowie's first state petition for post-conviction relief.  This differs from the date listed in Bowie II, which specifies that Bowie first sought post-conviction relief in 2009.  See Bowie II, 2015 WL 648382, at *1.  After review of the Minnesota trial court public access database, the correct filing date of Bowie's first post-conviction motion heard by the Minnesota district court appears to be July 10, 2009.  However, this discrepancy is immaterial.  Even if the Court were to consider September 2008 as the operative date, the postconviction motion was still filed after December 4, 2007—the expiration date of the § 2244(d)(2) limitations period—and has no bearing on the timeliness of Bowie's § 2254 petition.

differently, or that any of the issues raised in the motion would be debatable among reasonable jurists.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Danny Aleck Bowie, Jr.'s Objection [Docket No. 7] to Magistrate Judge Janie S. Mayeron's July 27, 2015 Report and Recommendation [Docket No. 6] is **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**;

3. Bowie's Petition for Writ of Habeas Corpus Under § 2254 [Docket No. 1] is **DENIED**; and

4. Bowie's Application to Proceed In Forma Pauperis [Docket No. 2] and Motion to Appoint Counsel [Docket No. 3] are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

  s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  September 30, 2015.